AVIS v. VINELAND.

1. The power conferred on boroughs by the Borough Government act (Rev. Sup., p. 44), to prevent and remove obstructions from public highways, can only be exercised by an ordinance of the borough council.

2. The power conferred on boroughs by the supplement to said act of March 13th, 1883 (Rev. Sup., p. 49), and the further supplement of March 11th, 1885 (Rev. Sup., p. 50), to work, repair and improve public highways out of the road tax, may be exercised by a mere resolution of the council.

3. A resolution directing the removal of obstructions from a public avenue and the working of the avenue for travel, cannot be sustained, for the first direction is unauthorized because not by ordinance, and the second direction is so essentially connected with the first that both must fall.

*Certiorari* to review proceedings of the borough of Vineland, and a resolution of the borough council directing its road committee to remove obstructions from a part of Landis avenue, and to improve and work that avenue for public travel to its legal width.

Argued at November Term, 1892, before Justices VAN SYCKEL and MAGIE.

For the prosecutor, *Thomas E. French.*

For the defendant, *Henry S. Alvord* and *Royal P. Tuller.*

The opinion of the court was delivered by

MAGIE, J.   The only reason, among those assigned by prosecutor, which need be considered, is that which contests the authority of the borough council of Vineland to adopt the resolution appearing in the return.

It is conceded that the only power possessed by the borough of Vineland, in respect to obstructions in public highways, is that conferred by section 12 of the "Act for the formation of borough governments," approved April 5th, 1878 (*Rev. Sup., p.* 44), which empowers the mayor and council of boroughs to pass ordinances (among other things) "to prevent and remove all obstructions, encumbrances and nuisances in and upon any street, road," &c.

By section 14 of the same act, ordinances are to be introduced at a regular meeting and acted upon at a subsequent meeting of council.   Persons interested may, by vigilance, thus learn of any proposed action of council by ordinance. There is no similar provision as to the passage of resolutions.

Power to remove obstructions from public streets, conferred on municipalities by similar language, has been held to be very limited.   *Associates* v. *Jersey City,* 5 *Vroom* 31 ; *Dawes* v. *Hightstown,* 16 *Id.* 127, 500.   There seems no special reason why the exercise of a power so limited should be restricted to the more solemn and deliberate action by ordi-

nance. Yet the legislative direction is express, and it is settled that, in such case, the municipality can only act in the prescribed mode. *Gleason* v. *Bergen,* 4 *Vroom* 72 ; *Story* v. *Bayonne,* 6 *Id.* 335 ; *Hoboken Land Co.* v. *Hoboken, Id.* 205.

So much of the resolution as directs the removal of obstructions must, therefore, be pronounced invalid, because council could only exercise that power by ordinance.

It should, however, be further pointed out that an ordinance in the terms of this resolution, in respect to obstructions, could not be sustained. Council is doubtless empowered to specify and describe, within the limits laid down in the cases above cited, what it deems obstructions in a highway, and then to direct their removal by a committee or other agent. But a direction that a committee shall remove obstructions not specified or described, leaves to the committee a determination which council alone can make. *Bodine* v. *Trenton,* 7 *Vroom* 198.

So much of the resolution as directs the committee to improve and work the avenue, stands on a different footing.

By a supplement to the Borough Government act, approved March 13th, 1883 (*Rev. Sup., p.* 49), boroughs were entrusted with the supervision, management and control of streets and roads, and directed to use the road taxes raised within the borough limits for the " working, repair and improvement " of such streets and roads.

By a further supplement, passed March 11th, 1885 (*Rev. Sup., p.* 50), the voters in boroughs were empowered to determine the amount of money to be raised for " working, permanently improving, macadamizing, repairing and keeping in repair " the streets, &c.

By these acts the borough council was empowered to determine what streets and roads should be worked and improved for travel, where the expense of the work was to come from the road taxes raised in the prescribed manner, and since the power was not required to be exercised by ordinance, it might be by resolution. *Burlington* v. *Dennison,* 13 *Vroom* 165 ; *Butler* v. *Passaic,* 15 *Id.* 171.

The power to thus work and improve roads in boroughs, out of the road taxes, was not withdrawn or diminished by the provisions of the further supplement to the Borough Government act, approved April 1st, 1887 (*Pamph. L., p.* 126), as amended by a further supplement, approved March 23d, 1888 (*Pamph. L., p.* 226), which empower boroughs to grade, pave and otherwise improve streets, and to impose the costs of such improvements on property benefited to the extent of benefits. Such proceedings are expressly required to be taken by ordinance, and only upon the application of a certain proportion of the owners of property affected.

But the power to make such improvements in the manner prescribed by the last-named acts, is not inconsistent with the continued exercise of the power to work and improve roads and streets for travel, out of the general road tax. Both may and do coexist, and the latter power may be exercised by resolution and its execution committed to some executive agent.

So much of the resolution as directs the mere working of the avenue in question, if standing alone, would not be open to objection.

But it is plain that the direction to work the avenue for travel is essentially connected with the direction to remove obstructions therefrom. The former direction could not be completely performed without performing the latter. The two parts of the resolution are not independent and unconnected, but essential parts of one whole, and, since one part is unauthorized and ineffective, the other must fall with it. *Chamberlain* v. *Hoboken,* 9 *Vroom* 110 ; *Staats* v. *Washington,* 16 *Id.* 318 ; *Landis* v. *Vineland,* 25 *Id.* 75.

The resolution must be set aside, with costs.